Tammy Hussin, Esq. (Bar No. 155290)
Hussin Law Firm
1302 South Coast Highway
Suite 101
Encinitas, CA 92024
Telephone: (877) 677-5397
Tammy@HussinLaw.com

Attorney for Plaintiff, Janice Getty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOTHERN DIVISION

| | |
|---|---|
| Janice Getty,<br><br>           Plaintiff,<br><br>   vs.<br><br>United Recovery Systems, L.P.; and DOES 1-10, inclusive,<br><br>           Defendants. | Case No.:  **'16CV1669 CAB DHB**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET. SEQ*;**<br>**2. VIOLATION OF CALIFORNIA FAIR DEBT COLLECTION PRATICES ACT, CCC § 1788**<br>**3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 *ET. SEQ.*** <br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Janice Getty, by undersigned counsel, states as follows:

**JURISDICTION**

1.   This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Rosenthal Fair

Debt Collection Practices Act, CCC 1788, *et. seq.,* and the Telephone Consumer Protection Act, 47 U.S.C. §227, *et. seq.,* by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Janice Getty (hereafter "Plaintiff"), is an adult individual previously residing in Orange County, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3). The events described herein occurred within this judicial district.

5. The Defendant, United Recovery Systems, LP, (hereafter "URS"), is a company headquartered in Texas, and regularly collects consumer debts throughout California and within Orange County. URS is operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by URS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. URS at all times acted by and through one or more of the Collectors.

**A.   The Debts**

8. A financial obligation was allegedly incurred by Plaintiff's daughter, Karolyn Getty ("Karolyn"), to an original creditor (the "Creditor"). Plaintiff is in no way responsible for the repayment of Karolyn's debt.

9. Several other financial obligation were incurred by Plaintiff to Capital One (collectively referred to as "Plaintiff's Debt")

2

10. Plaintiff's Debt and Karolyn's debt were purchased, assigned or transferred to URS for collection, or URS was employed by the Creditor to collect the Debt.

11. URS attempted to collect Karolyn's debt and Plaintiff's Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### Karolyn's Debt

12. Within the last four years, URS began calling Plaintiff on her cellular telephone in an attempt to collect Karolyn's debt.

13. Plaintiff is in no way responsible for the repayment of Karolyn's debt, and Karolyn cannot be reached at Plaintiff's cellular number.

14. Plaintiff never provided her cellular number to the Creditor or to URS, and never provided her consent to be called for Karolyn's debt.

15. Plaintiff spoke to URS and told them Karolyn could not be reached at her number

16. URS ignored Plaintiff's attempts to stop the calls, and continued to place Automated Calls to Plaintiff at an annoying and harassing rate.

### Plaintiff's Debt

17. Within the last four years, URS called Plaintiff in an attempt to collect Plaintiff's Debt.

18. Plaintiff spoke to URS and advised she was unable to pay. The URS representative asked whether she could call Plaintiff back in a few weeks, and Plaintiff said okay.

19. URS called several days later, again in an attempt to collect Plaintiff's Debt. Plaintiff told the representative she had spoken to URS several days ago and nothing had changed. Plaintiff then directed the representative to stop calling.

20. URS thereafter continued to call Plaintiff in an attempt to collect Plaintiff's Debt.

3

21. After speaking to Plaintiff about Plaintiff's Debt, URS called Karolyn in an attempt to reach Plaintiff. At the time URS called Karolyn, it knew how and where to reach Plaintiff.

22. URS also called Plaintiff's daughter's boyfriend in an attempt to reach Plaintiff. At the time URS called the boyfriend, it knew how and where to reach Plaintiff.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. By continuing to call Plaintiff for Karolyn's debt after knowing Karolyn could not be reached at her number, URS violated 15 U.S.C. §1692b(3);

25. By calling Karolyn and the boyfriend in an attempt to reach Plaintiff after knowing how and where to reach Plaintiff, URS violated 15 U.S.C. §1692b(3);

26. By calling Plaintiff's daughter and the boyfriend after knowing how and where to reach Plaintiff, URS engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

29. Plaintiff hereby incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

4

30. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et. seq.* ("Rosenthal FDCPA") prohibits unfair and deceptive acts and practices in the collection of consumer debts.PPS, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

31. PPS failed to comply with the provisions of 15 U.S.C. § 1692, *et. seq.,* as aforementioned, in violation of Cal. Civ. Code § 1788.17.

32. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. §227, ET SEQ.

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. URS called Plaintiff's cellular telephone using an automated telephone dialing system and/or an artificial or prerecorded voice ("Automated Calls").

35. When Plaintiff answered the Automated Calls, URS used a prerecorded voice prior to transferring Plaintiff's call to a representative.

36. When Plaintiff did not answer the Automated Calls, URS used an automated voice to deliver a voicemail message.

37. During other Automated Calls from URS, Plaintiff said "hello" and there was no live representative immediately available with whom Plaintiff could speak. Plaintiff experienced several seconds of dead air until URS's telephone system transferred the call to a representative.

38. Defendants' telephone dialing system has the capacity to store randomly or sequentially generated telephone numbers and randomly or sequentially dials telephone numbers.

39. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. §227(b)(1).

5

40. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. §227(b)(1)(A)(i).

41. Without prior consent, URS placed Automated Calls to Plaintiff using an automated telephone dialing system and an automated voice on her cellular telephone in violation of 47 U.S.C. §227(b)(1)(A)(iii).

42. URS knows the prohibitions of the TCPA and has been called to defend itself in other TCPA actions.

43. URS knew it was calling Plaintiff without her consent and over her objection.

44. Insofar as URS is intimately familiar with the TCPA and knew it had no consent to call Plaintiff on her cellular telephone, the Automated Calls were made in knowing and/or willful violation of the TCPA.  As such, URS should be subject to treble damages for each call pursuant to 47 U.S.C. §227(b)(3)(C). *See, e.g., J2 Global Communications v Blue Jay, Inc.*, 2009 WL 4572726 (N.D. Cal.).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $1,000 pursuant to Cal. Civ. Code 1788, *et. seq.*

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

5. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

6. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

6

7. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) and Cal. Civ. Code 1788; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  June 28, 2016                              TAMMY HUSSIN

By: /s/ Tammy Hussin
Tammy Hussin, Esq.
Attorney for Plaintiff, Janice Getty

7